# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

WILLIE D. GREER                                                                                        PETITIONER
Reg. #17373-076

V.                                      2:10CV00129 SWW/JTR

T.C. OUTLAW, Warden,                                                                       RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Willie D. Greer, an inmate in the Federal Correctional Institution (FCI) in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (docket entry #1). Respondent has filed a Response (docket entry #8). For the reasons that follow, the Petition should be denied.

According to Petitioner, he is serving a 156-month sentence for selling,

distributing or dispensing a controlled substance, with a projected release date in March 2012 (docket entry #1, at 1). He alleges that the Bureau of Prisons (BOP) violated the Second Chance Act of 2007 when it recommended him for pre-release placement in a residential reentry center (RRC) for less than the maximum time of twelve months authorized by the Act. He points to public comments made by the BOP Director in July 1998 about the Act, stating that "mass movement to the halfway houses" was not expected, that the BOP's research indicated RRC time beyond six months was "not productive," and that it was cheaper to house inmates in low security prisons than halfway houses (*id.* at 5). He asks this Court to order the BOP to "in good faith consider [him] on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624(c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community'" (*id.* at 18).

Respondent argues that: (1) Petitioner failed to exhaust his administrative remedies within the BOP; and (2) the BOP properly determined his RRC placement. The Court need not address Respondent's non-exhaustion defense because, as explained below, Petitioner's claim fails on the merits. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the exhaustion prerequisite

for a § 2241 petition was "judicially created, not jurisdictional").

## II. Discussion

The BOP is authorized by statute to "designate the place of [a federal] prisoner's imprisonment," and may "at any time" direct the transfer of a prisoner from one penal or correctional facility to another. 18 U.S.C. § 3621(b). In deciding where an inmate is to be imprisoned, the BOP must consider the following five statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statements from the sentencing court; and (5) any pertinent policy statement issued by the United States Sentencing Commission. *Id.* § 3621(b)(1)-(5).

The BOP is also required by statute to ensure "to the extent practicable," that a prisoner serving a term of imprisonment "spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* § 3624(c)(1). Placement must be considered in light of the factors set forth in § 3621(b), must be determined "on an individual basis," and must be of "sufficient duration to provide the greatest likelihood of reintegration into the community." *Id.* § 3624(c)(6). The listing of factors in § 3621(b) does not, however, preclude the BOP from considering other matters in its placement analysis. *Miller*

*v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008) (BOP permitted to consider post-incarceration circumstances such as inmate's behavior in prison). Although § 3624(c), as amended by the Second Chance Act, allows for placement in an RRC for up to twelve months, "placement beyond 180 days [is] highly unusual," and "only possible with extraordinary justification." *Id.* at 754, 757.

The record shows that, on August 20, 2010, Petitioner underwent a "Second Chance Act - RRC Needs Assessment" and was recommended for 151 to 180 days of RRC placement (docket entry #8-1, at 5). The assessment form shows that, in making its decision, the BOP considered: Petitioner's criminal offense, his prior criminal history (robberies, drug offenses, assaults), his history of receiving incident reports in prison, his completion of classes and obtaining his GED in prison, his "steady cash flow" and institutional trust fund balance, his "average" institutional adjustment conduct, his "good community ties" and "good" community/family support, his proposed residence with his mother, his completion of the forty-hour drug program, and the sentencing court's recommendation that he be housed at FCI Memphis and participate in the drug program.

While brief, the BOP's decision regarding Petitioner's RRC recommendation clearly was based on legitimate factors individual to his situation, considering factors weighing both for and against extended RRC placement. The statute does not require

the BOP to provide prisoners with a detailed statutory analysis; instead it requires only that the BOP consider a prisoner's request for RRC placement "in good faith." *Miller*, 527 F.3d at 758. Nothing in the record indicates that the BOP acted other than in good faith when it concluded that Petitioner should serve no more than 180 days in an RRC. Thus, the Court concludes that Petitioner's habeas claim is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and that this case be dismissed, with prejudice.

DATED this 26th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE